UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

TIMOTHY HAMPTON,                                          Case No. 18 CV 7755 (PAC)
                  Plaintiff,

      -against-                                          **AMENDED COMPLAINT**

                                   JURY DEMAND
THE CITY OF NEW YORK, SERGEANT
PETER CONGALOSI [SHIELD # 1438], P.O.
RAMON GARCIA [SHIELD # 16636], SPAA
PARSON, SERGEANT RODRIGUEZ,
SERGEANT MICHAEL WILLIAMS [TAX
REG. # 927674], and JOHN DOE
AND JANE DOE #1-3 (the names John and
Jane Doe being fictitious, as the true names
are presently unknown),
                  Defendants.
-----------------------------------------------------------------X

Plaintiff, TIMOTHY HAMPTON, by his attorney, The Law Offices of UGO UZOH,
P.C., complaining of the defendants herein, The City of New York, Sergeant Peter
Congalosi [Shield # 1438], P.O. Ramon Garcia [Shield # 16636], SPAA Parson, Sergeant
Rodriguez, Sergeant Michael Williams [Tax Reg. # 927674], and John Doe and Jane Doe
#1-3 (collectively, "defendants"), respectfully alleges as follows:

1.        This is an action at law to redress the deprivation of rights secured to the
plaintiff under color of statute, ordinance, regulation, custom, and/or to
redress the deprivation of rights, privileges, and immunities secured to the
plaintiff by the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the
Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising
under the law and statutes of the City and State of New York].

<u>JURISDICTION</u>

2.        The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28
U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the
Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States
Constitution.

3.      As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

<u>THE PARTIES</u>

4.      Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7.      Defendant Sergeant Peter Congalosi [Shield # 1438] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

8.      Defendant P.O. Ramon Garcia [Shield # 16636] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

9.      Defendant SPAA Parson was at all times material herein a senior police administrative aide employed by the NYPD. S/he is named here in his/her official and individual capacities.

10.     Defendant Sergeant Rodriguez was at all times material herein a sergeant employed by the NYPD. S/he is named here in his/her official and individual capacities.

11.     Defendant Sergeant Michael Williams [Tax Reg. # 927674] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

12.     Defendants John Doe and Jane Doe #1-3 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

13.     Defendants Congalosi, Garcia, Parson, Rodriguez, Williams, and John Doe and Jane Doe #1-3 are collectively referred to herein as "defendant officers".

14.       At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The July 7, 2018, Incident

15.       On or about July 7, 2018, at approximately 12:00 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or close to the corner of East Fordham Road and Tiebout Avenue, Bronx, New York, and charged plaintiff with N.Y. PL 165.30(1) 'Fraudulent accosting', N.Y. PL 225.30(a)(1) 'Possession of a gambling device', and N.Y. PL 225.05 'Promoting gambling in the second degree'.

16.       Plaintiff, however, did not accost any individual and/or intend to defraud any individual of money or other property, was not in possession of any gambling device, did not advance or profit from any unlawful gambling activity, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

17.       Prior to the arrest, plaintiff was going to meet with his brother who was visiting him from Connecticut.

18.       As plaintiff was making his way to the Burger King located at or close to 217 East Fordham Road to meet with his brother, he was accosted by defendant officers who immediately placed him under arrest.

19.       Defendant officers tightly handcuffed the plaintiff with his hands placed behind his back causing the plaintiff to sustain bruises on his hands and wrists.

20.       Defendant officers refused plaintiff's entreaties to remove or loosen the handcuffs.

21.       Defendant officers subjected the plaintiff to an illegal search.

22.       Defendant officers did not recover any contraband from their unlawful search of the plaintiff.

23.     Eventually, defendant officers forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-46th Precinct.

24.     While at the precinct, defendant officers subjected the plaintiff to an illegal and unlawful search.

25.     Defendant officers did not recover any contraband from their unlawful search of the plaintiff.

26.     Nonetheless, defendant officers continued to detain the plaintiff at NYPD-46th Precinct.

27.     Plaintiff who has been placed on a treatment plan by his physicians for his medical condition requested defendant officers to transport him to the hospital for treatment.

28.     Defendant officers refused the plaintiff's entreaties.

29.     After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment.

30.     While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by Bronx County District Attorney's Office.

31.     During this meeting, defendant officers falsely stated to the prosecutors that the plaintiff, among other things, accosted certain unknown individuals with intent to defraud them of money or other property, was in possession of a gambling device, and advanced or profited from unlawful gambling activity.

32.     Based on the false testimony of defendant officers, the prosecutors initiated criminal actions against the plaintiff.

33.     The prosecutors subsequently conducted an independent investigation and concluded that there was no evidence of any crime committed by the plaintiff.

34.     As a result, the prosecutors declined to prosecute the plaintiff.

35.     After detaining the plaintiff for a lengthy period of time, defendant officers summarily released the plaintiff from his unlawful detention.

36.     Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a

realistic opportunity to intervene to prevent the harm detailed above from occurring.

37.    Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

38.    As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

The September 7, 2018, Incident

39.    On or about September 7, 2018, at approximately 12:30 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or close to the corner of East Fordham Road and Elm Pl, Bronx, New York, and charged plaintiff with N.Y. PL 165.30 'Fraudulent accosting', N.Y. PL 225.05 'Promoting gambling in the second degree', and NYC Admin. Code 10-161 'Three-card Monte Prohibited'.

40.    Plaintiff, however, did not accost any individual and/or intend to defraud any individual of money or other property, did not advance or profit from any unlawful gambling activity, did not deal or operate, or be in any manner accessory to the dealing or operating, of three-card monte on any public street, sidewalk or plaza, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

41.    Prior to the arrest, plaintiff was waiting for his brother who was visiting him from Connecticut after purchasing lunch for the both of them.

42.    As plaintiff stood at the corner with their lunch boxes waiting, he observed a marked NYPD vehicle make what appeared to be an illegal u-turn and approach him.

43.      Upon approaching the plaintiff, defendant Garcia who was in the company of defendant John Doe (collectively "Garcia defendants") called the plaintiff by his name and interrogated him as to the reason why he was at the location.

44.      Plaintiff calmly responded that he was waiting for his brother to arrive so they could eat lunch together and go home.

45.      Defendant Garcia however falsely accused the plaintiff of engaging in illegal gambling and other unlawful conduct.

46.      Garcia defendants grabbed the plaintiff's lunch boxes and discarded them, and then proceeded to tightly handcuff the plaintiff with his hands placed behind his back causing the plaintiff to experience pain and numbness.

47.      Garcia defendants refused plaintiff's entreaties to remove or loosen the handcuffs.

48.      Garcia defendants subjected the plaintiff to an illegal search.

49.      Garcia defendants did not recover any contraband from their unlawful search of the plaintiff.

50.      Garcia defendants forcibly placed the plaintiff inside their police vehicle.

51.      At some point, defendant Garcia exited the police vehicle and went into a nearby V.I.M. store.

52.      After a few minutes, defendant Garcia emerged from the V.I.M. store and proceeded to declare that "it's him, they said it's him".

53.      Garcia defendants proceeded to transport the plaintiff to NYPD-46th Precinct.

54.      While at the precinct, Garcia defendants subjected the plaintiff to an illegal and unlawful search.

55.      Garcia defendants did not recover any contraband from their unlawful search of the plaintiff.

56.      Nonetheless, Garcia defendants continued to detain the plaintiff at NYPD-46th Precinct.

57.      Plaintiff who has been placed on a treatment plan by his physicians for his medical condition requested Garcia defendants to transport him to the hospital for treatment.

58.     Garcia defendants refused the plaintiff's entreaties.

59.     After detaining the plaintiff for a lengthy period of time at the precinct and/or station house, Garcia defendants caused a legal process to be issued to the plaintiff requiring him to appear in the criminal court on November 7, 2018, at 9:30 a.m.

60.     On November 7, 2018, at approximately 9:30 a.m., plaintiff appeared in the criminal court as he was directed but was advised that his name was not on the court's docket and that he should check back in about thirty (30) days.

61.     On or about December 7, 2018, plaintiff inquired about the status of the charges against him as he was directed but was advised that the prosecutors had concluded that he did not commit any crime or offense and, therefore, had declined to move forward with his prosecution.

62.     Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

63.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

64.     As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

65.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66.     The conduct of defendant officers, as described herein, amounted to false arrest.

67.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

68.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against Garcia defendants

69.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 68 of this complaint as though fully set forth herein.

70.     Defendant officers falsely stated to the prosecutors that the plaintiff committed various crimes and/or offenses as described above.

71.     Based on the false testimony of defendant officers, criminal actions were initiated against the plaintiff.

72.     Plaintiff was required to, and did, appear in court on multiple occasions to defend himself from the false charges levied against him with malice by defendants.

73.     Eventually, the criminal proceeding(s) terminated in plaintiff's favor.

74.     Because of the conduct of the defendants, plaintiff was maliciously prosecuted for a lengthy period of time.

75.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

76.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

77.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Garcia defendants, individually and severally.

THIRD CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant
officers

78.    By this reference, plaintiff incorporates each and every allegation and
       averment set forth in paragraphs 1 through 77 of this complaint as though
       fully set forth herein.

79.    The conduct of defendant officers, as described herein, amounted to
       excessive use of force.

80.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. §
       1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the
       United States Constitution.

81.    Consequently, plaintiff has been damaged and hereby demands
       compensatory and punitive damages in an amount to be proven at trial
       against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant
officers

82.    By this reference, plaintiff incorporates each and every allegation and
       averment set forth in paragraphs 1 through 81 of this complaint as though
       fully set forth herein.

83.    That each and every officer and/or individual who responded to, had any
       involvement and/or was present at the location of the arrest, assault and/or
       incident(s) described herein knew and was fully aware that plaintiff did not
       commit any crime or offense, and had a realistic opportunity to intervene to
       prevent the harm detailed above from occurring.

84.    Nonetheless, defendant officers did absolutely nothing to discourage and
       prevent the harm detailed above from occurring and failed to intervene.

85.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. §
       1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the
       United States Constitution.

86.    Consequently, plaintiff has been damaged and hereby demands
       compensatory and punitive damages in an amount to be proven at trial
       against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant
officers

87.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88.    Defendant officers denied plaintiff his due process right to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

89.    The conduct of defendant officers, as described herein, amounted to unreasonable detention.

90.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

91.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: FABRICATION OF EVIDENCE - against defendant
officers

92.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 91 of this complaint as though fully set forth herein.

93.    Defendant officers manufactured evidence of criminality against the plaintiff which the prosecutors relied upon to initiate criminal actions against the plaintiff.

94.    The conduct of defendant officers, as described herein, amounted to fabrication of evidence.

95.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

96.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SEVENTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers</u>

97.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 96 of this complaint as though fully set forth herein.

98.     Defendant officers subjected plaintiff to unreasonable search & seizure.

99.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

100.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>EIGHTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against defendant officers</u>

101.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 100 of this complaint as though fully set forth herein.

102.    Defendant officers denied plaintiff treatment needed to remedy his serious medical conditions and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

103.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

104.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>NINTH CAUSE OF ACTION: CONSPIRACY - against defendant officers</u>

105.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 104 of this complaint as though fully set forth herein.

106.    In an effort to find fault to use against the plaintiff who is of black, defendant officers met with themselves and with several other individuals on numerous occasions (including but not limited to the July 7, 2018 and September 7,

2018, dates of arrest) and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

107.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

108.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

TENTH     CAUSE     OF     ACTION:     FAILURE     TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

109.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 108 of this complaint as though fully set forth herein.

110.     Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

111.     Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting,     illegally     stopping,     frisking,     searching,     seizing,     abusing,

humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in a crime.

112.   Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

113.   In addition to the named individual defendants, several officers of the NYPD assigned to the NYPD-46th Precinct -- as the named individual defendants -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

114.   Most of the arrests and charges made by officers assigned to the NYPD-46th Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

115.   Defendant City of New York has settled numerous lawsuits brought in this district against several officers assigned to NYPD-46th Precinct concerning similar arrests and charges as those described herein.

116.   Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

117.   The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

118.   By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, Eight and Fourteenth

Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

ELEVENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

119.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 118 of this complaint as though fully set forth herein.

120.    By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

121.    In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

122.    The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

123.    Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

TWELFTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) -
against defendants

124.      By this reference, plaintiff incorporates each and every allegation and
          averment set forth in paragraphs 1 through 123 of this complaint as though
          fully set forth herein.

125.      The conduct of the defendants, as described herein, amounted to false
          arrest/imprisonment.

126.      Consequently, plaintiff has been damaged and hereby demands
          compensatory and punitive damages in an amount to be proven at trial
          against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) -
against defendants

127.      By this reference, plaintiff incorporates each and every allegation and
          averment set forth in paragraphs 1 through 126 of this complaint as though
          fully set forth herein.

128.      Based on the false testimony of defendant officers, criminal actions were
          initiated against the plaintiff.

129.      Plaintiff was required to, and did, appear in court on multiple occasions to
          defend himself from the false charges levied against him with malice by
          defendants.

130.      Eventually, the criminal proceeding(s) terminated in plaintiff's favor.

131.      Because of the conduct of the defendants, plaintiff was maliciously
          prosecuted for a lengthy period of time.

132.      Consequently, plaintiff has been damaged and hereby demands
          compensatory and punitive damages in an amount to be proven at trial
          against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against
defendants

133.      By this reference, plaintiff incorporates each and every allegation and
          averment set forth in paragraphs 1 through 132 of this complaint as though
          fully set forth herein.

134.      By reason of and as a consequence of the conduct of defendant officers,
          plaintiff sustained bodily injuries with the accompanying pain.

135.     The conduct of the defendants, as described herein, amounted to assault and battery.

136.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: TORTS (UNREASONABLE SEARCH AND SEIZURE) - against defendants

137.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 136 of this complaint as though fully set forth herein.

138.     The conduct of the defendants, as described herein, amounted to degrading, humiliating and unreasonable search and seizure, and unreasonable detention.

139.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTEENTH CAUSE OF ACTION: TORTS (NEGLIGENCE AND/OR BREACH OF SPECIAL DUTY OR RELATIONSHIP) - against defendants

140.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 139 of this complaint as though fully set forth herein.

141.     Defendants failed to properly care, supervise and protect the plaintiff, failed to ensure the plaintiff's health and safety, and were careless and negligent in their treatment of the plaintiff.

142.     The conduct of the defendants, as described herein, amounted to negligence and breach of special duty or relationship.

143.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SEVENTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants</u>

144.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 143 of this complaint as though fully set forth herein.

145.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

146.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

147.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>EIGHTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City</u>

148.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 147 of this complaint as though fully set forth herein.

149.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

150.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

151.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

152.    Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

 a. For compensatory damages against all defendants in an amount to be proven at trial;

 b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

 c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

 d. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
   February 13, 2019

UGO UZOH, P.C.

/s/

_____

By: Ugochukwu Uzoh (UU-9076)
  Attorney for the Plaintiff
  304 Livingston Street, Suite 2R
  Brooklyn, N.Y. 11217
  Tel. No: (718) 874-6045
  Fax No: (718) 576-2685
  Email: u.ugochukwu@yahoo.com